IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01108-ZLW

SOLIS ASCENSION,

    Plaintiff,

v.

JOE ORTIZ, Executive Director,
G. WILSON,
EUGENE GONZALES, Supr. Case Mang.,
LT. GASKELL,
AVCF WARDEN,
JUAN MARCOS GUTIERREZ GONZALEZ, and
CARLOS BARRIOS HORCASITAS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 29 2005

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff Solis Ascension filed a "Motion to Reconcider [sic]" on August 11, 2005, in which he asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on July 28, 2005. The Court must construe the Motion liberally, because Mr. Ascension is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless, for the reasons stated below, the Motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Ascension filed the Motion to Reconsider within ten days after the

Order and Judgment of Dismissal. Therefore, the Court will consider the Motion pursuant to Rule 59(e). **See Van Skiver**, 952 F.2d at 1243.

The Court dismissed the instant action without prejudice because Mr. Ascension failed either to pay the initial partial filing fee or to show cause why he was unable to pay the initial fee.

Upon consideration of the Motion to Reconsider and the entire file, the Court finds that Mr. Ascension fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Shields v. Shetler**, 120 F.R.D. 123, 126 (D. Colo. 1988). Mr. Ascension does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice.

Plaintiff also should note that the Court dismissed the instant action without prejudice. Therefore, Mr. Ascension is able to pursue his claims by filing a new action if he chooses. Accordingly, it is

ORDERED that the Motion to Reconsider, filed August 11, 2005, is construed as filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this **26** day of **Aug.**, 2005.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01108-OES

Solis Ascencion
Reg. No. 116093
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/29/05

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk